UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

vs.                                              CASE NO.: 6:13-cr-99-Orl-36KRS

JAMES FIDEL SOTOLONGO
STEPHANIE MUSSELWHITE
RAMARA GARRETT
_____/

**RESPONSE IN OPPOSITION TO STEPHANIE MUSSELWHITE'S MOTION TO
DISMISS INDICTMENT BASED ON *EX PARTE* FORUM SHOPPING, AND,
ALTERNATIVELY, TO RESCIND ORDER TRANSFERRING CASE**

COMES NOW, the United States of America, by and through A. Lee Bentley, III,

United States Attorney for the Middle District of Florida and files this Response in

Opposition to Stephanie Musselwhite's Motion to Dismiss Indictment Based on *Ex Parte*

Forum Shopping, and, Alternatively, to Rescind Order Transferring Case, and states as

follows:

1.      The above-styled case was initiated when four individuals were charged

with conspiracy to make false statements on loan applications and to commit bank fraud

and substantive counts of bank fraud in Case No. 6:13-cr-99-Orl-36KRS (hereinafter

"Sotolongo et al.").  That Indictment was returned on April 24, 2013, Doc.  34, and

docketed by the Clerk before the U.S. District Judge Charlene E. Honeywell.  The

parties prepared that matter for trial throughout 2013 and hearings were conducted

before Judge Honeywell up to and including January 21, 2014.

2.      Defendant Sidney Coton was charged by way of Information in case 6:13-cr-261-Orl-37GJK, on November 20, 2013. He waived his right to Indictment and entered a guilty plea to that Information the same date.  Doc. 1, 10 in 6:13-cr-261.  This Court accepted Coton's guilty plea and set sentencing for February 3, 2014.  Doc. 25 in 6:13-cr-261.

3.      The facts and circumstances that led to the charging of Coton arise from the same conspiracy charged in the <u>Sotolongo</u> <u>et al.</u> Indictment.  The United States certified that those two cases were related pursuant to Local Rule 1.04(d). Doc. 6 in 6:13-cr-261.  As these two cases fall within the guidelines of Local Rule 1.04(b), in that they are related to the existence of common questions of fact and law, yet are assigned to different judges, the United States and Coton contemplated the filing of a motion to transfer the <u>Coton</u> matter to Judge Honeywell to allow for a prompt, efficient, and singular disposition of related cases by one judge. That Rule says that, if both judges believe the motion is well-founded, the case with the higher case number (<u>Coton</u>) is to be transferred to the judge handling the lower case number (<u>Sotolongo et al.</u>).

4.      Based upon this agreement and conversation, the United States filed a motion for consolidation of related Indictments.  Doc. 28 in 6:13-cr-261.  As that motion was framed in terms of a consolidation of related Indictments, Coton filed a response to the Government's motion pointing out that the basis for the consolidation is the existence of a conspiracy "which has also been charged in a lower case number, styled <u>United States v. James Fidel Sotolongo et al.</u>, Case No. 6:13-cr-99-Orl-36TBS."  <u>See</u> Doc. 29 in 6:13-cr-261.

5.     In both the Motion for Consolidation of Related Indictments filed by the United States, and Coton's Response and Concurrence with that motion, neither the United States nor Coton certified notice to any of the Defendants or their counsel in the Sotolongo et al. matter.  Both of those pleadings were filed in the Coton docket, because it was the intent of the United States and Coton that this Court consider entering an Order transferring the Coton case to be joined with the Sotolongo et al. matter.  The parties believed that consolidation, if granted by this Court, would be controlled and directed by Local Rule 1.04(b), which directs that related cases shall be transferred to the docket with the lower case number.  Operating on that belief, neither party in the Coton case provided notice to counsel or the defendants in the Sotolongo et al. case.

6.     This Court entered an Order on January 23, 2014, granting the Motion to Consolidate, and directing that the Sotolongo et al. case be reassigned, with Judge Honeywell's consent, to this Court's docket, to be joined with the Coton matter.  Doc. 31 in 6:13-cr-261.

7.     This Court's order prompted a co-defendant in the Sotolongo et al. matter, Stephanie Musselwhite, to file a Motion to Dismiss Indictment Based Upon *Ex Parte* Forum Shopping and, Alternatively, to Rescind the Order Transferring Case.  See Doc. 126 (Sotolongo et al.).  That motion, filed on January 31, 2014, objects to the transfer of the Sotolongo et al. matter to the Coton docket as being "in violation of the Defendant's due process and equal protection rights and the provisions of the Local Rules of this Court."  Counsel for Musselwhite states that her case was transferred to this Court in violation of the assignment policy of the Middle District of Florida, which was

promulgated to promote the "orderly administration of justice" and to prevent a party from forum-shopping by moving a case from one district court judge to another in derogation of the local rules.  Musselwhite complains that the Government used an *ex parte* practice in violation of local rule which resulted in the transferring of the <u>Sotolongo et al.</u> case to this Court without notice and in violation of local rule.

8.      First, the purpose and intent of the Motion to Consolidate and Response in the <u>Coton</u> matter was to advise this Court of the related nature of the <u>Sotolongo</u> <u>et al.</u> and <u>Coton</u> cases.  It was the expectation of the United States and Coton that this Court might consider their argument and transfer the <u>Coton</u> matter pursuant to Local Rule 1.04(b) - the higher case number to the lower case number.  Neither party anticipated that this Court would enter an Order in the other direction by taking the <u>Sotolongo</u> <u>et al.</u> matter, which had been before Judge Honeywell for more than nine months, and consolidate the more significant and lower case number with the singular and higher case number.

9.      Second, the parties from the <u>Sotolongo</u> <u>et al.</u> case were not noticed and made a part of the Motion to Consolidate because the only case under contemplation by this Court by virtue of their motion would be the <u>Coton</u> matter; in other words, the parties in the <u>Sotolongo</u> <u>et al.</u> case were not noticed because the relief the <u>Coton</u> parties were looking for was a transfer of the <u>Coton</u> matter to Judge Honeywell's docket, rather than vice versa.  The <u>Sotolongo</u> <u>et al.</u> parties were not overlooked intentionally, or to surreptitiously engage in an *ex parte* matter.  Instead, it was because the relief that parties in <u>Coton</u> sought would not have resulted in the <u>Sotolongo et al.</u> matter being removed from Judge Honeywell's docket.

10.     The United States acknowledges that allowing consolidation of two cases without adherence to Local Rule 1.04(b) can allow for the suggestion of forum-shopping, which was not the intent of the United States.  If the United States were allowed to file an Indictment, and then add defendants by filing Informations before different district court judges, rather than superseding the Indictment, and then move to consolidate the cases before the judge handling a higher case number, as happened here, the appearance of forum-shopping would certainly arise.  For that reason, Local Rule 1.04(b) prevents that practice by requiring that related cases, whenever filed, should be transferred and consolidated with the lowest case number.

11.     The United States regrets that this Court construed its pleading and the concurrence of Mr. Coton's pleading as allowing for the consolidation of the <u>Sotolongo et al.</u> Indictment in the manner, which this Court directed in its January 31, 2014, order.  However, both the United States and Coton respectfully set forth that their original intention was to implicate Local Rule 1.04(b) in a manner which would have resulted in the transfer of the <u>Coton</u> case to be joined with the lower case number.

THIS SPACE INTENTIONALLY LEFT BLANK

12.     The United States has conferred with Coton's counsel, Peter Raben,

regarding this motion.  Mr. Raben concurs with the representations made herein.

Respectfully Submitted,

A.  LEE BENTLEY, III
United States Attorney

*s/ Tanya Davis Wilson*
TANYA DAVIS WILSON
Assistant United States Attorney
Florida Bar No.: 0093572
400 West Washington Street, Suite 3100
Orlando, Florida  32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:      tanya.wilson2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Bergendahl, Esq. (Counsel for Sotolongo)
Richard Klugh, Esq. (Counsel for Musselwhite)
A. Brian Phillips, Esq. (Counsel for Garrett)

*s/ Tanya Davis Wilson*
TANYA DAVIS WILSON
Assistant United States Attorney
Florida Bar No.: 0093572
400 West Washington Street, Suite 3100
Orlando, Florida  32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        tanya.wilson2@usdoj.gov