UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 6:13-cr-99-Orl-37KRS

JAMES FIDEL SOTOLONGO
STEPHANIE MUSSELWHITE
RAMARA GARRETT

**UNITED STATES' RESPONSE IN OPPOSITION
TO MOTION TO SEVER DEFENDANTS OR, ALTERNATIVELY,
TO EXCLUDE EVIDENCE (DOC. 125)**

The United States of America, A. Lee Bentley, III, United States Attorney for the Middle District of Florida, by and through the undersigned Assistant United States Attorney, requests that this Court deny the Motion to Sever Defendants or, Alternatively, to Exclude Evidence, and, in support states as follows:

1. In 1998, Defendant Stephanie Musselwhite was interviewed by IRS agents in a Rule 11 proffer. At the interview was an IRS agent and an Assistant United States Attorney, A. Brian Phillips.

2. During the proffer, Musselwhite made statements regarding her involvement in the criminal investigation.

3. In April 2013, a federal grand jury indicted Musselwhite and three co-defendants on charges involving a conspiracy to make false statements on loan applications and to commit bank fraud and substantive bank fraud charges.

1

4.  One of Musselwhite co-defendants in the instant case is Ramara Garrett, who is represented by A. Brian Phillips -- the AUSA who was present during Musselwhite's 1998 proffer.

5.  During the initial discovery disclosure, the United States notified the defendants that the information obtained in Musselwhite's proffer would be used as prior bad acts evidence pursuant to Federal Rule of Evidence 404(b) against Musselwhite.

6.  At a January 30, 2014, hearing, the United States advised that because the information Musselwhite provided had been obtained during the course of a Rule 11 proffer, the information could be used only as impeachment evidence against Musselwhite if she testified contrary to the 1998 proffer.

## MEMORANDUM OF LAW

"Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." United States v. Lopez, 649 F.3d 1222, 1233-34 (11th Cir. 2011) (citing Zafiro v. United States, 506 U.S. 534, 537 (1993); Richardson v. Marsh, 481 U.S. 200, 210 (1987) ("It would impair both the efficiency and the fairness of the criminal justice system to require ... that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the

last-tried defendants who have the advantage of knowing the prosecution's case beforehand."). "[D]efendants who are indicted together are usually tried together." Lopez, 649 F.3d at 1234 (quoting United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007).

Musselwhite alleges that she would be prejudiced by the admission of the 1998 proffer statement and Mr. Phillips' continued representation of Garrett. Musselwhite has the "'heavy burden of demonstrating [that] compelling prejudice' would result from a joint trial." Lopez, 649 F.3d at 1234 (quoting Browne, 505 F.3d at 1268. To show compelling prejudice, Musselwhite must prove that a joint trial would actually prejudice her and that the only proper remedy is severance, meaning jury instructions, or some other remedy short of severance, will not work. Id. (citing Zafiro, 506 U.S. at 539-41; United States v. Blankenship, 382 F.3d 1110, 1122-23 (11th Cir. 2004)).

Musselwhite has not, however, proven that she would be prejudiced by the United States using her statement on cross-examination. Also, she has not shown how Mr. Phillips continued representation would prejudice her. Regarding the proffer statement, the United States would not seek to admit the statement during its case-in-chief. As stated at the January 30 hearing, the United States would use the statement only if Musselwhite testified differently from what the United States learned in the 1998 proffer. At that point, the United States would be able to cross-examine about the information learned in the proffer. Therefore, unless Musselwhite plans to testify contrary to her 1998 proffer, then it may not

matter that Mr. Phillips was the AUSA on the 1998 case. There does not appear to be a risk of prejudice there.

Regarding Mr. Phillips' continued representation of Garrett, the United States requested that the Court make a determination of counsel after the January 30 hearing. See Doc. 122. If the Court determines that Mr. Phillips can continue his representation of Garrett in the instant case, then it seems that prejudice would not be an issue. If, however, the Court determines that Mr. Phillips' continued representation is problematic, then the issue would become whether the case should be severed or, short of severance, if Mr. Phillips would be disqualified.[1] The better course appears to be to wait for the ruling on the determination of conflict at Doc. 122.

As it stands now, however, Musselwhite only alleges that there is a potential for prejudice. Alleging only a "potential" for prejudice is not sufficient. "The potential for prejudice from a joint trial is not enough, and not just any kind of prejudice will do." Lopez, 649 F.3d at 1234. Musselwhite has to show that the prejudice will affect a "specific trial right" or "prevent the jury from making a reliable judgment about guilt or innocence." Id. at 1234-35. Musselwhite does not allege either the denial of a specific trial right like the right to testify or cross examine witness or call witnesses or that the jury will be prevented from making a reliable judgment. At this point, her motion is not sufficient to justify severance.

---

[1] The United States is not at this time taking the position that Mr. Phillips should be disqualified.

4

Therefore, the United States respectfully requests that the motion for severance be denied.

                               Respectfully submitted,

                               A. LEE BENTLEY, III
                               United States Attorney

By:   *s/ Tanya Davis Wilson*
       Tanya Davis Wilson
       Assistant United States Attorney
       Florida Bar No. 0093572
       400 West Washington Street, Suite 3100
       Orlando, Florida  32801
       Telephone:   (407) 648-7500
       Facsimile:   (407) 648-7643
       E-mail:      tanya.wilson2@usdoj.gov

6

**U.S. v. SOTOLONGO ET AL.**        **CASE NO. 6:13-CR-99-ORL-37KRS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

   John Bergendahl, Esq. (Counsel for Sotolongo)
   Richard Klugh, Esq. (Counsel for Musselwhite)
   A. Brian Phillips, Esq. (Counsel for Garrett)


   *s/ Tanya Davis Wilson*
   Tanya Davis Wilson
   Assistant United States Attorney
   Florida Bar No.: 0093572
   400 West Washington Street, Suite 3100
   Orlando, Florida  32801
   Telephone:   (407) 648-7500
   Facsimile:   (407) 648-7643
   E-mail:      tanya.wilson2@usdoj.gov