**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                                      Case No. 6:13-cr-99-Orl-37KRS

JAMES FIDEL SOTOLONGO;
STEPHANIE MUSSELWHITE; and
RAMARA GARRETT

**ORDER**

Defendant Musselwhite, through her attorney Richard C. Klugh, has renewed her claim that the administrative reassignment of her case vested in her a right to obtain recusal and reassignment of her case back to U.S. District Judge Charlene Honeywell. (Docs. 178, 178-1.) The Court previously denied this motion. (Doc. 169.)

Defendant now seeks to file under seal a statement of "Facts Giving Rise to a Basis for Recusal," which alleges, *inter alia*, that recusal is warranted pursuant to 28 U.S.C. § 455(a) due to the undersigned's prior service as a member of the Board of Directors of Seaside National Bank & Trust ("SNBT"). (Doc. 178.)

As to the motion to seal, the public has a "common-law right of access to judicial proceedings," which includes "the right to inspect and copy public records and documents." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right is "instrumental in securing the integrity of the process," *see id.*, and is particularly salient here, as "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). Musselwhite alleges that the administration of justice has been corrupted in this case, but seeks to seal her notice of "facts" from the public record. (*See*

Docs. 178, 178-1.) Not only has she failed to provide a legal basis for the requested seal (*See* Doc. 178), common sense suggests that if such corruption existed, it would best be uncovered if the facts underlying Musselwhite's accusations were also exposed to the spotlight of public scrutiny. Accordingly, the motion to seal is due to be denied, and the "Notice of Facts Giving Rise to a Basis for Recusal" (Doc. 178-1) will be filed on the public docket.

As to Notice itself, the claims related to the transfer of the case have been already put to rest as legally without substance. (*See* Doc. 169.) As to the claim regarding recently published news articles, the media's assessment of the Court's disposition toward these Defendants is not grounds for disqualification. "[A] charge of partiality must be supported by facts," and "[a]lthough public confidence may be as much shaken by publicized inferences of bias that are false as by those that are true, a judge considering whether to disqualify himself must ignore rumors, innuendos, and erroneous information published as fact in the newspapers." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (citing *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)). Tellingly, Musselwhite's counsel has previously characterized the exact same media coverage to which he cites in support of recusal as "prejudicial" and "inflammatory" when the coverage was directed at his own client. (Doc. 128, pp. 1–2.)

Finally, the Notice raises the specter that the undersigned may have some actual knowledge about the mortgage loan application process acquired as a result of his prior professional association with a national bank. (Doc. 178-1, p. 5.) The Court is not aware of any authority for the proposition that knowledge and experience in the subject matter of litigation before the tribunal constitutes grounds for disqualification, nor has

Musselwhite pointed to any such authority in her Notice. This contention is baseless.

However, the Notice does point out that there may ultimately be an issue of restitution should Musselwhite or another Defendant be found guilty and that there is some prospect that Seaside National Bank & Trust could conceivably benefit from restitution requirement imposed in conjunction with sentencing. (*Id.* at 5–8.) Inasmuch as the undersigned remains a stockholder in the bank, this factor, and *only* this factor, properly raises an issue warranting recusal.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Seal (Doc. 178) is **DENIED**.

2. The Clerk is **DIRECTED** to enter the Notice of Facts Giving Rise to Basis for Recusal (Doc. 178-1) into the docket.

3. The trial date of March 18, 2014 is hereby **CANCELED** and all other deadlines are **TERMINATED**.

4. The undersigned hereby **RECUSES** himself from this case, as well as the related case *United States v. Sidney Coton*, Case No. 6:13-cr-261-Orl-37GJK-1. The Clerk is **DIRECTED** to randomly reassign both cases.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 13, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record